# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Paul V. LiCalsi
Partner
(917) 546-7702 Phone
(917) 546-7672 Fax
pvl@msk.com



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 3/26/08

March 21, 2008

**VIA FEDEX**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

      Re: Daniel Dymtrow v. Taylor Swift, Scott Swift and Andrea Swift
      07 CV 11277 (RJS)

Dear Judge Sullivan:

We are counsel to the defendants Taylor Swift, Scott Swift and Andrea Swift, and write 1) to apologize to the Court for our inadvertent failure to comply with Your Honor's Individual Practice Rule 2.A requiring a pre-motion conference prior to our filing a motion to dismiss in this matter, and 2) to belatedly ask for such a conference for defendants' motion which was filed under the ECF system last night.

Last week, following the disruptions that accompanied the initial establishment of this firm's New York office on March 10, 2008, the attorney in this office with primary responsibility for preparing our motion papers was called away to Toronto because of a death in his family. Because of miscommunication in this confusing time, we inadvertently overlooked Your Honor's requirement of requesting a pre-motion conference for our motion to dismiss. We proceeded, working long distance with my colleague who is still with his family in Toronto, to prepare a complete set of papers, which were filed late last night electronically. We are very sorry for any inconvenience our failure to comply with Your Honor's practice requirement causes, and request a conference to obtain permission to re-file our motion to dismiss the complaint herein in its entirety.

In this action, plaintiff, a New York manager of entertainers, signed a contract in April of 2004 with Taylor Swift, a fourteen year old singer-songwriter, and an agreement with Taylor's parents guaranteeing Taylor's performance, to provide management services in exchange for commissions on her earnings. The management agreement states "[t]his agreement has been entered into in the State of New York, and the validity, interpretation, and legal affect [sic] of this agreement shall be governed by the laws of the State of New York applicable to contracts entered into and performed entirely within the State of New York." A year later, when Taylor was fifteen, she disaffirmed the management agreement. Plaintiff's complaint, filed nearly three years since Taylor's disaffirmance, asserts claims for (1) unjust enrichment and other quasi-contract theories against Taylor and her parents, (2) breach of contract against Taylor's parents, (3) promissory estoppel and estoppel in pais against Taylor's parents, (4) tortious interference with prospective economic opportunity against Taylor's father, and (5) breach of implied covenant of good faith and fair dealing against both parents.

1782050.1/41685-00000

12 East 49th Street, 30th Floor, New York, New York 10017-1208
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: www.msk.com

**MITCHELL SILBERBERG & KNUPP LLP**

Honorable Richard J. Sullivan
March 21, 2008
Page 2

Plaintiff's Complaint is an egregious effort to circumvent the well settled principles of New York law that give a minor the absolute right to disaffirm a contract and that absolutely shields the parents of such a minor from liability in connection with such disaffirmance. New York has constructed an elaborate statutory structure to protect minors from improvident contract decisions. New York provides a procedure whereby a minor's right to disaffirm may be limited *only* if the contract is submitted for court scrutiny and approval. Plaintiff failed to follow this procedure, and now his attempt now to circumvent the explicit limitations of New York statutes and the strong, well-established public policy of New York, by cleverly characterizing his causes of action, is legally deficient and ripe for dismissal.

New York has constructed an elaborate statutory structure to protect minors from improvident contract decisions. New York requires that a court approve an infant's[1] entertainment contract in order to overcome the infant's otherwise absolute right to disaffirm. ARTS & CULT. AFF. LAW § 35.03. Court approval requires a showing "that the contract is reasonable and provident and for the best interests of the infant." ARTS & CULT. AFF. LAW § 35.03(5)(k). Significantly, under New York statute, no contract shall be approved if the term during which a person is employed to render services to the infant extends for a period of more than three years from the date of approval of the contract, unless the infant is represented by experienced entertainment counsel, which raises the limitation to seven years. ARTS & CULT. AFF. LAW § 35.03(2)(D).

New York further protects the ability of an infant to disaffirm an entertainment contract not approved by the court by voiding a parental guarantee of such a contract, where the infant or performance is connected to New York. GEN. OBLIG. LAW § 3-107. Unless the infant's contract is so approved, no parent of the infant making such a contract shall be liable on the contract "either as a party or as a guarantor" if the infant refuses to perform services "required or permitted by the contract to be performed or rendered" in New York, or the parent refuses "to cause such services to be rendered or performed." GEN. OBLIG. LAW § 3-107.[2]

This robust statutory scheme is consistent with New York's well established public policy of protecting infants from their own improvidence. Thus, courts have not been hesitant to apply the policies expressed in the above statutes to dismiss claims just like the Plaintiff's claims in the instant action, in order to protect the rights of infants to release themselves from improvident contracts. For example, in *Metropolitan Model Agency USA, Inc. v. Rayder*, 168 Misc. 2d. 324, 643 N.Y.S.2d 923 (Sup. Ct. 1996), the court, on the ground of New York public policy, voided a parental guarantee of an infant's modeling contract. The court applied New York law instead of Florida law in order to void the guarantee, "[a]lthough New York courts would ordinarily apply the law of a sister state has provided for in the contract." *Metropolitan Model*, 168 Misc. 2d. at 327, 643 N.Y.S.2d at 926.

Each and every one of Plaintiff's claims is an attempt to circumvent the requirements of ARTS & CULT. AFF. LAW § 35.03 and punish Taylor and her family for Taylor's exercise of her absolute right to disaffirm. Not only did Plaintiff fail to submit his contract with Taylor for judicial approval, but that contract could never have been judicially approved under § 35.03 because it was for an unknowably long period of time. New York's public policy of protecting infants from their improvident contracts is designed to allow the disaffirmance *of this very type of contract* – an overreaching contract of

---

[1] An infant is "a person who has not attained the age of eighteen years." CPLR § 105. As used in this letter, the words "infant" and "minor" are interchangeable.

[2] GEN. OBLIG. § 3-107 applies to contracts covered by GEN. OBLIG. § 3-105, which has been replaced by ARTS & CULT. AFF § 35.03.

**MITCHELL SILBERBERG & KNUPP LLP**

Honorable Richard J. Sullivan
March 21, 2008
Page 3

indeterminate duration that binds an infant to a man who wants to take as much of her earnings as he can get for himself.

In view of the foregoing, each of the plaintiff's claims fails. Specifically, Plaintiff's claim against all defendants for unjust enrichment, quantum meruit, and other quasi-contract claims must fail because of the New York public policy that protects the rights of an infant to disaffirm, and because he cannot prevail on any quasi-contract theory as a matter of law. This claim is an attempt to render Taylor's right to disaffirm her contract a nullity, and is barred as a matter of New York public policy. Moreover, it is black letter law that "the existence of a valid written contract precludes recovery on a quasi-contract theory." *Id.* at 836, 722 N.Y.S.2d at 302. Taylor's contract with her manager is a valid written contract, subject to Taylor's right to terminate by disaffirming. Additionally, Plaintiff cannot claim unjust enrichment because Taylor's disaffirmance, in accordance with her right and New York policy, cannot meet the standard of "against equity and good conscience." *Swits v. New York Systems Exchange Inc.*, 281 A.D.2d 833, 835, 722 N.Y.S.2d 300, 302 (3d Dep't 2001).

Plaintiff's claims against Taylor's parents, all due to Taylor's exercise of her right to disaffirm, must fail because of the New York public policy that protects the rights of an infant to disaffirm, and because Plaintiff cannot support the required elements of his theories. Each claim attempts to circumvent the protection New York gives to an infant in allowing her to disaffirm a contract that has not received prior court approval as in her best interests and to receive the unfettered advice and care of her parents. Thus, each claim fails as a matter of New York law and policy. Additionally, the breach of contract claim must fail because parental guarantees of unapproved entertainment contracts are void. *See* GEN. OBLIG. LAW § 3-107; *see Metropolitan Model Agency USA, Inc. v. Rayder*, 168 Misc. 2d. 324, 643 N.Y.S.2d 923 (Sup. Ct. 1996). Plaintiff's claims for promissory estoppel and estoppel in pais must fail because New York law does not recognize promissory estoppel in the employment context, *Deutsch v. Kroll Associates, Inc.*, No. 02 Civ. 2892, 2003 U.S. Dist. LEXIS 16613, at *8 (S.D.N.Y. 2003), and because Plaintiff does not allege an unconscionable injury or change in position due to the promises of Taylor's parents. Plaintiff further fails to plead the required elements of a claim for estoppel in pais. Plaintiff's claim for tortious interference with prospective economic advantage must fail. Caselaw makes clear that a parent cannot be liable for inducing her infant child to disaffirm her contract. *See Lee v. Silver*, 262 A.D. 149, 28 N.Y.S.2d 333 (1st Dep't 1941) (parents cannot be liable for inducing child's disaffirmance regardless of motive); *see also Cohen v. Brunswick Record Corp.*, 31 Misc. 2d 525, 527, 221 N.Y.S.2d 893, 895 (Sup. Ct. 1961) (record company not liable for inducing infant to disaffirm previous recording contract). Finally, Plaintiff's claim for breach of implied covenant of good faith and fair dealing must be dismissed. As the parental guarantees are unenforceable, Plaintiff cannot demonstrate the required existence of a valid contract from which such a duty would arise. *Schorr v. Guardian Life Ins. Co. of America*, 44 A.D.3d 319, 319, 843 N.Y.S.2d 24, 25 (1st Dep't 2007).

Respectfully submitted,

Paul V. LiCalsi
of
MITCHELL SILBERBERG & KNUPP LLP

PVL/dc
cc: Fernando M. Pinguelo, Esq. (via FedEx and Facsimile)
    Vivek Gupta, Esq. (via FedEx and Facsimile)

*Handwritten note:* Plaintiff shall respond to this letter by March 28, 2008. The parties shall appear for a Pre-Motion Conference on April 11, 2008 at 11 AM.

SO ORDERED
Dated: 3/25/08
RICHARD J. SULLIVAN, U.S.D.J.

1782050.1/41685-00000