UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL DYMTROW,<br><br>Plaintiff,<br><br>-against-<br><br>TAYLOR SWIFT, SCOTT SWIFT and ANDREA SWIFT,<br><br>Defendants. | Case No. 07-cv-11277 (RJS)<br><br>ECF CASE<br><br>**ANSWER OF DEFENDANTS TAYLOR SWIFT, SCOTT SWIFT AND ANDREA SWIFT TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendants Taylor Swift, Scott Swift and Andrea Swift (hereinafter "Defendants"), by their undersigned attorneys, answer the Amended Complaint (the "Complaint") of Daniel Dymtrow as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Deny the allegations set forth in paragraph 2 of the Complaint, except admit that Plaintiff and Taylor Swift ("Taylor") entered into an Exclusive Personal Management Agreement dated April 5, 2004 (the "EPMA") and admit that on April 5, 2004, Defendants Scott Swift and Andrea Swift signed a document annexed as Exhibit A to the EPMA (the "Parental Agreement"), and aver that the terms of those documents speak for themselves.

3. Deny the allegations set forth in paragraph 3 of the Complaint.

4. Deny the allegations set forth in paragraph 4 of the Complaint, except admit that Plaintiff and Taylor entered into the EPMA and admit that Scott Swift and Andrea Swift signed the Parental Agreement, and aver that the terms of those documents speak for themselves.

5. Deny the allegations set forth in paragraph 5 of the Complaint.

6. Deny the allegations set forth in paragraph 6 of the Complaint, except admit that Plaintiff has filed the instant action and admit that Plaintiff purported to seek the relief set forth in the Complaint, and that, by Court Order dated March 1, 2010, all but Plaintiff's first cause of action have been dismissed, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint to the extent that those allegations refer or relate to persons other than Defendants.

7. State that paragraph 7 of the Complaint sets forth legal conclusions that do not require a response, except admit that Plaintiff alleges that the Court has subject matter jurisdiction.

8. State that paragraph 8 of the Complaint sets forth legal conclusions that do not require a response, except admit that Plaintiff alleges that venue in this Court is proper. To the extent that paragraph 8 of the Complaint sets forth any factual allegations, Defendants deny those allegations except admit that paragraph 12(b) of the EPMA provides that:

> "The New York courts, only, will have jurisdiction of any controversies regarding this Agreement, and any action or other proceeding which involves such a controversy will be brought in the courts located within the State of New York, and not elsewhere."

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. State that paragraph 10 of the Complaint sets forth legal conclusions that do not require a response, except admit that Taylor resides in Hendersonville, Tennessee.

11. State that paragraph 11 of the Complaint sets forth legal conclusions that do not require a response, except admit that Scott Swift and Andrea Swift reside in Hendersonville, Tennessee and are Taylor's parents.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. State that paragraph 13 of the Complaint sets forth legal conclusions that do not require a response, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, except admit, upon information and belief, that Big Machine Records, LLC ("Big Machine Records") is headquartered in Nashville, Tennessee.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Deny the allegations set forth in paragraph 16 of the Complaint, except admit that Defendants met with Plaintiff in New York in 2003 and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 that Plaintiff "worked almost exclusively for Britney Spears" except state, upon information and belief, that Plaintiff was not – at that time – Britney Spears' manager.

17. Admit that Taylor sang and played guitar during a meeting with Plaintiff and that Scott Swift and Andrea Swift discussed their commitment to Taylor, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint regarding any conclusions arrived at by Plaintiff.

18. Deny the allegations set forth in paragraph 18 of the Complaint, except admit that Scott Swift and Andrea Swift have always tried to guide their children and admit that they told

Plaintiff that, when Taylor was eleven years old, Defendants provided some of Taylor's recordings to various record labels but did not initially meet with any success.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint, except admit that Defendants met with Plaintiff in New York in or about February 2003 during which time they discussed the possible management of Taylor by Plaintiff.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint to the extent that those allegations refer or relate to persons other than Defendants, except admit that Vivien Lewit was involved in reviewing and/or negotiating the EPMA.

22. Deny the allegations set forth in paragraph 22 of the Complaint, except admit that Taylor signed the EPMA on April 5, 2004 and aver that the terms of that document speak for themselves, and admit that Plaintiff purports to have annexed a true and correct copy of the EPMA as Exhibit "A" to Plaintiff's Complaint.

23. In response to the allegations set forth in paragraph 23 of the Complaint, Defendants aver that the terms of the EPMA speak for themselves.

24. Deny the allegations set forth in paragraph 24 of the Complaint, except admit that Scott Swift and Andrea Swift signed the Parental Agreement and aver that the terms of that document speak for themselves, and admit that Plaintiff purports to have annexed a true and correct copy of the Parental Agreement as Exhibit "B" to Plaintiff's Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

27. Deny the allegations set forth in paragraph 27 of the Complaint, except admit that Plaintiff was involved in connection with obtaining some media coverage for Taylor, that Plaintiff was involved in an Abercrombie & Fitch advertising campaign featuring Taylor and that Plaintiff scheduled and/or attended meetings with certain record companies in New York and Nashville.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint, except admit that Plaintiff purports to have annexed a true and correct copy of the Exclusive Songwriter Agreement dated November 1, 2004 between Taylor and Sony/ATV Songs LLC as Exhibit "C" to Plaintiff's Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint, except admit that Plaintiff purports to have annexed a true and correct copy of a Talent Services Agreement between Abercrombie & Fitch and Taylor as Exhibit "D" to Plaintiff's Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint, except admit that Plaintiff met with certain individuals on Taylor's behalf, including, upon information and belief, individuals at Warner Brothers Nashville, Capitol Records and Universal Music Group.

33. Deny the allegations set forth in paragraph 33 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint insofar as Plaintiff alleges that he contacted Scott Borchetta in October of 2004 and state that Plaintiff had nothing to do with initiating the contact with Scott Borchetta nor did he have anything to do with bringing Taylor and her music to Scott Borchetta's attention.

34. Deny the allegations set forth in paragraph 34 of the Complaint, except admit that on or about November 1, 2004, Plaintiff traveled to Nashville and attended Taylor's showcase at the Blue Bird Café and admit that Plaintiff met with certain individuals in the music industry regarding Taylor.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 to the extent that those allegations refer or relate to any desires of persons other than Defendants.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

40. Deny the allegations set forth in paragraph 40 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 to the extent that those allegations refer or relate to persons other than Defendants.

41. State that the allegations set forth in paragraph 41 of the Complaint set forth legal conclusions that do not require a response. To the extent that paragraph 41 of the Complaint sets forth any factual allegations, Defendants deny those allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 to the extent that those allegations refer or relate to persons other than Defendants.

42. State that the allegations set forth in paragraph 42 of the Complaint set forth legal conclusions that do not require a response. To the extent that paragraph 42 of the Complaint sets forth any factual allegations, Defendants deny those allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 to the extent that those allegations refer or relate to persons other than Defendants.

43. Deny the allegations set forth in paragraph 43 of the Complaint, except admit that on or about July 12, 2005, Scott Swift advised Plaintiff that Taylor was terminating her professional relationship with Plaintiff and admit that by letter dated as of July 12, 2005, Taylor notified Plaintiff that she was disaffirming the EPMA and admit that by that same letter dated as of July 12, 2005, Scott Swift and Andrea Swift notified Plaintiff that the "Parental Agreement" is "null and void", and admit that, upon information and belief, on or about August 1, 2005 counsel sent the letter disaffirming the EPMA to Plaintiff.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

46. Deny the allegations set forth in paragraph 46 of the Complaint, except admit that Plaintiff discussed some talent agency possibilities for Taylor.

47. Deny the allegations set forth in paragraph 47 of the Complaint, except admit that Plaintiff met with individuals at Creative Artists Agency ("CAA") and with the Swifts' knowledge, discussed CAA's possible representation of Taylor.

48. Deny the allegations set forth in paragraph 48 of the Complaint, except admit, upon information and belief, that Plaintiff discussed the possible representation of Taylor with certain individuals at CAA.

49. Deny the allegations set forth in paragraph 49 of the Complaint, except admit, upon information and belief, that CAA sent to Plaintiff a draft of the Nancy Drew film script for Taylor's consideration and state that Taylor passed on this script without reading or receiving it.

50. Deny the allegations set forth in paragraph 50 of the Complaint, except admit, upon information and belief, that CAA had discussions regarding Taylor in June or July of 2005.

51. Deny the allegations set forth in paragraph 51 of the Complaint.

52. Deny the allegations set forth in paragraph 52 of the Complaint.

53. Deny the allegations set forth in paragraph 53 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint to the extent that those allegations refer or relate to persons other than Defendants.

54. Deny the allegations set forth in paragraph 54 of the Complaint.

55. Deny the allegations set forth in paragraph 55 of the Complaint.

56. Deny the allegations set forth in paragraph 56 of the Complaint.

57. Deny the allegations set forth in paragraph 57 of the Complaint.

58. Deny the allegations set forth in paragraph 58 of the Complaint.

59. Deny the allegations set forth in paragraph 59 of the Complaint.

60. Deny the allegations set forth in paragraph 60 of the Complaint.

61. Deny the allegations set forth in paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint to the extent that those allegations refer or relate to persons other than Defendants or refer or relate to the "thoughts" of Plaintiff.

63. Deny the allegations set forth in paragraph 63 of the Complaint, except admit that Plaintiff arrived in Nashville on or about July 11, 2005 and admit, upon information and belief, that Plaintiff was scheduled to meet with Sony/ATV thereafter, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to any other meetings that may have been scheduled.

64. Deny the allegations set forth in paragraph 64 of the Complaint, except admit, upon information and belief, that Plaintiff was scheduled to meet with Sony/ATV on or about July 12, 2005, and admit that Scott Swift informed Plaintiff that he was not permitted to attend a meeting with Sony/ATV, and admit that Taylor and Scott Swift attended a meeting with Sony/ATV without Plaintiff and admit that on or about July 12, 2005 Scott Swift told Plaintiff that Taylor was terminating her professional relationship with Plaintiff.

65. Deny the allegations set forth in paragraph 65 of the Complaint.

66. Deny the allegations set forth in paragraph 66 of the Complaint.

67. Deny the allegations set forth in paragraph 67 of the Complaint.

68. Deny the allegations set forth in paragraph 68 of the Complaint.

69. Deny the allegations set forth in paragraph 69 of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint to the extent that they refer or relate to persons other than Defendants, except admit upon information and belief that on or about August 1, 2005 counsel sent the letter disaffirming the EPMA to Plaintiff.

71. Deny the allegations set forth in paragraph 71 of the Complaint.

72. Deny the allegations set forth in paragraph 72 of the Complaint.

73. Deny the allegations set forth in paragraph 73 of the Complaint.

74. Deny the allegations set forth in paragraph 74 of the Complaint.

75. Deny the allegations set forth in paragraph 75 of the Complaint, except admit that Taylor and/or her representatives pay several individuals who work for and with her.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint to the extent that those allegations refer or relate to persons other than Defendants or refer or relate to the "thoughts" of Plaintiff.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83. In response to paragraph 83 of the Complaint, Defendants repeat and re-allege their responses to all prior paragraphs as if fully set forth herein.

84. Deny the allegations set forth in paragraph 84 of the Complaint, except admit that Plaintiff and Taylor entered into the EPMA and aver that the terms of this document speak for themselves.

85. Deny the allegations set forth in paragraph 85 of the Complaint.

86. Deny the allegations set forth in paragraph 86 of the Complaint.

87. Deny the allegations set forth in paragraph 87 of the Complaint.

88. Deny the allegations set forth in paragraph 88 of the Complaint.

89. Deny the allegations set forth in paragraph 89 of the Complaint.

90. Deny the allegations set forth in paragraph 90 of the Complaint, except admit that Taylor had an absolute right to disaffirm the EPMA.

91. Deny the allegations set forth in paragraph 91 of the Complaint.

92. Deny the allegations set forth in paragraph 92 of the Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint, except deny that Plaintiff was "occupied with efforts to promote and advance Taylor and her Parents."

94. Deny the allegations set forth in paragraph 94 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

95. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

96. The Complaint, in whole or in part, is barred, precluded and/or limited by the statute of limitations.

THIRD DEFENSE

97. The Complaint, in whole or in part, is barred, precluded and/or limited by the Statute of Frauds.

FOURTH DEFENSE

98. The Complaint, in whole or in part, is barred, precluded and/or limited by the doctrines of laches, waiver and estoppel.

FIFTH DEFENSE

99. The Complaint, in whole or in part, is barred by the doctrine of unclean hands.

SIXTH DEFENSE

100. Plaintiff has failed to mitigate his damages, if any, as required by law.

SEVENTH DEFENSE

101. Defendants did not receive and/or retain any benefit at the Plaintiff's expense that equity and good conscience would require them to restore to Plaintiff, and Defendants are entitled to recoupment and/or set-off based on losses incurred as a result of Plaintiff's inexperience and improper conduct.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That the Complaint be dismissed with prejudice; and

2. That the Court grant Defendants such other and further relief as the Court deems just and proper.

DATED: March 18, 2010
New York, New York

MITCHELL SILBERBERG & KNUPP LLP

By: ______________________

Paul V. LiCalsi
Howard H. Weller
Christina E. Djordjevich
12 East 49th Street, 30th Floor
New York, NY 10020
(917) 546-7707 (T)
(917) 546-7677 (F)
E-mail: pvl@msk.com
E-mail: hhw@msk.com
E-mail: cyd@msk.com
*Attorneys for Defendants Taylor Swift, Scott Swift and Andrea Swift*