


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL DYMTROW,

Plaintiff,

-v-

TAYLOR SWIFT, SCOTT SWIFT, and ANDREA SWIFT,

Defendants.

No. 07 Civ. 11277 (RJS)

ORDER

RICHARD J. SULLIVAN, District Judge:

On October 6, 2010, at 10:16 p.m., Plaintiff's counsel submitted to the Court via e-mail a 15-page joint discovery dispute letter, attaching nearly 100 pages of exhibits of, inter alia, Defendant's e-mails obtained through the course of discovery as a "backdrop" to the discovery dispute. The letter stated that it was being submitted "via e-mail" and was "consistent with Rule 2G" of this Court's Individual Practices.

Rule 2.G., together with Rule 1.A., provides that parties seeking resolution of a discovery dispute shall submit my mail or e-mail a joint letter, not to exceed five pages, describing the issues in dispute. By Order dated September 7, 2010, the Court increased the *total* page length permitted for the submission to 15 pages upon the parties' request, but made no provision for the filing of supplemental exhibits.

Some time prior to submitting the letter and exhibits to the Court by e-mail, Plaintiff's counsel *filed* the entire submission on the publicly-accessible CM/ECF system. The filing was in violation of Rule 18.2 of the Southern District of New York Electronic Case Filing Rules and Instructions, which provides that "[l]etters are submitted in the traditional manner on paper. An attorney should not file a letter electronically." Accordingly, the submission was rejected by

CM/ECF and an error note was issued on the docket. However, the letter and exhibits remained publicly viewable. On October 7, at 4:21 p.m., Plaintiff's counsel submitted a letter to the Court requesting the removal of documents from CM/ECF, which the Court so-ordered. At least as early as 8:00 a.m. on October 8, 2010, however, articles began appearing in the media quoting Plaintiff's counsel directly and publishing the content of the publicly-available discovery documents filed by Plaintiff's counsel on CM/ECF. *See, e.g.*, Matthew Belloni, *Taylor Swift's Ex-Manager Sues for Millions*, The Hollywood Reporter (Oct. 8, 2010, 8:00 AM), http://www.hollywoodreporter.com/hr/content_display/news/e3i22ebc6f33ed6ca2ece50a0d17a0cf2e2.

As stated on the record at the October 12, 2010 conference,

IT IS HEREBY ORDERED THAT by no later than October 26, 2010, Plaintiff's counsel shall show cause why sanctions should not be imposed on him for violating Rules 18.1 and 18.2 of the Southern District of New York Electronic Case Filing Rules and Instructions, and this Court's Individual Practices. In addition to providing an explanation for his conduct, Plaintiff's counsel must describe with particularity the relative timing of his submissions and his contacts with the media. Defendant's response, if any, is due by November 2, 2010.

SO ORDERED.

DATED: October 14, 2010
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE